IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IDS PROPERTY CASUALTY, a Wisconsin Corporation, | ) | Case No. 8:19-CV-00471-MDN |
| Plaintiff, | ) | |
| v. | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC., a Delaware Corporation., | ) | |
| Defendant. | ) | |

---

## STIPULATED PROTECTIVE ORDER

---

1.      **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the Litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the Litigation may be warranted. Accordingly, the parties, Plaintiff, IDS Property Casualty, and Defendant, Samsung Electronics America, Inc., hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3,

below, sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1     Challenging Party:  a Party or Non-Party that challenges the "CONFIDENTIAL" designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection as set forth in Sections 5.1 of this Stipulated Protective Order.

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Litigation.

2.7     House Counsel:  attorneys who are employees of a party to the Litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Litigation:   the above-captioned action styled as IDS Property Casualty. v. Samsung Electronics America, Inc., Civil Action No.: 8:19-cv-471-MDN.

2

2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party in the Litigation.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to the Litigation but are retained to represent or advise a Party in the Litigation and have appeared in the Litigation on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    <u>Party</u>:  any party to the Litigation, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in the Litigation.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.    **SCOPE**

This Protective Order governs the use and handling of documents, electronic information in any form, testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof, in any form (collectively, the "Material") produced or given by any Producing Party in pre-trial proceedings in the Litigation. Material produced in the Litigation,

including without limitation Material designated as "Confidential" under the provisions of this Protective Order, and information derived therefrom, shall be used only for the purpose of the Litigation and any related appellate proceeding, and not in any other litigation or for any other business, competitive, personal, private, public, or other purpose whatsoever. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; (4) portions of deposition or other transcripts and exhibits thereto that contain, summarize, or reflect the content of any such Protected Material; (5) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such Protected Material; and (6) written discovery responses and answers that contain, summarize, or reflect the content of any such Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

8127812v.1 #1089443

## 4. **DURATION**

Even after final disposition of the Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Litigation, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. After final disposition of the litigation, the Court may retain jurisdiction to enforce the terms of this order.

## 5. **DESIGNATING PROTECTED MATERIAL**

5.1     <u>Designation of Confidential Material</u>. The Producing Party may designate as "Confidential" any Material that it produces in the Litigation which it believes constitutes, contains, reflects, or discloses confidential, non-public trade secrets, competitively sensitive or proprietary information, research and analysis, development or commercial information, or other information for which a good-faith claim of need for protection from disclosure can be made per the Federal Rules of Civil Procedure, and/or other applicable law ("CONFIDENTIAL MATERIAL"). Such designations must be made reasonably and in good faith. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation and reproduce the material with the correct designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) and Section 5.3 below), or as otherwise stipulated or

8127812v.1 #1089443

ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" , as applicable, to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

(b)   for testimony given in deposition, that the Designating Party identify all protected testimony either (i) on the record, before the close of the deposition, or (ii) by notice in writing to counsel of record within 30 days of receiving the transcript of the deposition. All deposition testimony and transcripts will be treated as CONFIDENTIAL Material until a party designates any or all portions of the transcript as CONFIDENTIAL Material or until thirty (30) days after receipt of the transcript, whichever is earlier. If a designation is made, the CONFIDENTIAL portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Section 12.3 below. If any depositions are videotaped or digitally recorded, those portions of the videotape or

8127812v.1 #1089443

recording corresponding to portions of the deposition transcript designated as CONFIDENTIAL shall be afforded the same status.

(c) for testimony given in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL", as applicable.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Designating Party shall provide substitute copies of the qualified information or items bearing the corrected designation. The Receiving Party shall return or certify the destruction of the undesignated Protected Material.

## 6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8127812v.1 #1089443

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall proceed as outlined in the case management order regarding Motions to Compel Discovery and Objections to Discovery within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet–and-confer requirements imposed in the preceding Section. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if

8

there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding Section.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle the Litigation and for no other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

9

(a) the Receiving Party's Outside Counsel of Record in the Litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Litigation, as well as their immediate paralegals and staff;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Litigation and employees of said Expert to whom it is reasonably necessary to disclose the information for the Litigation, provided that (i) such Expert and employee has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any mediator, and his or her staff, who is assigned to hear this matter;

(i) any named party in the Litigation;

(j) any other person with the prior written consent of the Producing Party.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Litigation as "CONFIDENTIAL" that Party must:

(a)   promptly notify in writing the Designating Party so that the Designating party has sufficient time to take action to prevent disclosure of Protected Material (e.g., by moving to quash or for a protective order). Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely moves to quash or seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in the Litigation as "CONFIDENTIAL", as applicable, before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Litigation to disobey a lawful directive from another court.

8127812v.1 #1089443

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THE LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in the Litigation and designated as "CONFIDENTIAL". Such information produced by Non-Parties in connection with the Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in the Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

8127812v.1 #1089443

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in the Federal Rules of Civil Procedure, F.R.C.P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to the Federal Rules of Evidence, F.R.E. 502, insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. **MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

13

Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in the Litigation any Protected Material. A Party that seeks to file under seal any Protected Material must comply with this order and applicable rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record pursuant to the Federal Rules of Civil Procedure unless otherwise instructed by the court.

12.4 <u>No Waiver of Defenses/Arguments</u>. Any Party's entry into this Stipulated Protective Order shall not be deemed a waiver of any arguments or defenses, including without limitation arguments or defenses as to whether any Party is subject to personal jurisdiction in this Court.

## 13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of the Litigation, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain

14

or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

(DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

_s/ Cheri L. MacArthur_
Cheri L. MacArthur  #25617
Cozen O'Connor
707 17 Street, Suite 3100
Denver, CO  80202
(720) 479-3900
cmacarthur@cozen.com
    and
Matthew D. Hammes
Locher Pavelka Dostal Braddy & Hammes LLC
The Omaha Club
2002 Douglas Street, Suite 200
Omaha, NE  68102
(402) 898-7000
mhammes@lpdbhlaw.com
*Attorneys for Plaintiff*


_s/  Matthew B. Reilly_
Matthew B. Reilly, #24186
Erickson | Sederstrom, PC
10330 Regency Parkway Drive, Suite 100
Omaha, NE  68114
(402) 397-2200
reilly@eslaw.com
    and
Gregg Tatarka, Pro Hac Vice
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
1133 Westchester Avenue
White Plains, NY 10604
gregg.tatarka@wilsonelser.com
*Attorneys for Defendant*


PURSUANT TO STIPULATION, IT IS SO ORDERED.

_____     2/13/2020_____
Judge                                Date

8127812v.1 #1089443

## **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, District of Nebraska, in the case of IDS Property Casualty v. Samsung Electronics America, Inc., Civil Action No. 8:19-cv-471-MDN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, District of Nebraska, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the Litigation.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

DATED this _____ day of _____, 2020.

8127812v.1 #1089443